[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 11, 2008
THOMAS K. KAHN
CLERK

No. 07-13387
Non-Argument Calendar

_____

Agency Nos. A96-095-830
A96-095-831

DIEGO FERNANDO AREVALOS,
SILVIA VERONICA APONTE,

Petitioners-Appellants,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 11, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Diego Fernando Arevalos and his wife, Silvia Veronica Aponte, seek review of the decision of the Board of Immigration Appeals, which affirmed the denial of their applications for asylum and withholding of removal. Arevalos and Aponte allege that they suffered persecution in Argentina based on a protected ground and should not be returned to their native country. We deny their petition.

Our standard of review is well established. "This court reviews administrative fact findings under the highly deferential substantial evidence test. Under the substantial evidence test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir.2004) (en banc) (citations omitted).

To be granted asylum, an applicant must establish that he has suffered past persecution or has a well-founded fear of future persecution. 8 C.F.R. § 208.13(a)–(b). To establish a well-founded fear of persecution, an applicant must show that there is "a reasonable possibility" of persecution if the applicant were to return to his country. 8 C.F.R. § 208.13(b)(2)(i)(B). An applicant for asylum or withholding of removal must establish that the persecution at issue is "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.13(b)(1), (b)(2)(i)(A). Because

2

the evidentiary burden for withholding of removal is greater than for asylum, an applicant who fails to establish a well-founded fear of persecution is ineligible for withholding of removal. Al Najjar v. Ashcroft, 257 F.3d 1262, 1292–93 (11th Cir. 2001).

Our review of this petition is divided in two parts. First, we address whether substantial evidence supports the finding of the Board that Arevalos did not have a well-founded fear of future persecution. Second, we address whether substantial evidence supports the finding of the Board that Aponte failed to demonstrate a nexus between her persecution and the alleged ground for that persecution.

Substantial evidence supports the determination of the Board that Arevalos did not have a well-founded fear of future persecution. The Board relied on the Immigration Judge's adverse credibility finding with respect to Arevalos. Because an adverse credibility finding alone may be sufficient to support the denial of an application for asylum, Forgue v. U.S. Atty. Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (citing D-Muhumed v. U.S. Atty. Gen., 388 F.3d 814, 819 (11th Cir. 2004)), we must deny Arevalos's petition if substantial evidence supports the adverse credibility finding.

Substantial evidence supports the adverse credibility finding about Arevalos's testimony for at least two reasons. First, Arevalos's testimony was inconsistent with

Aponte's testimony. Arevalos testified that his original application for asylum was accurate in all respects except that it listed him, instead of his wife, as the lead applicant. Arevalos's application stated that Aponte's alleged persecution had been perpetrated by rival political parties. Aponte, in contrast, testified that she believed her persecution to have been perpetrated by corrupt police, not political parties. Second, Arevalos's testimony was not consistent with his own application. Although Arevalos testified that he had been beaten by two men on the street, he did not mention that beating in his application. Because the evidentiary burden for withholding of removal is greater than for asylum, Al Najjar, 257 F.3d at 1292–93, Arevalos is also ineligible for withholding of removal.

Substantial evidence also supports the finding of the Board that Aponte failed to demonstrate a nexus between her alleged persecution, whether past or future, and a protected ground. Aponte testified that she realized, over one year after she arrived in the United States, that the threats directed at her were intended to make her stop working for an organization that mentors poor children. She testified that she came to this realization after the police killed a teenager whom she had mentored. The speculative nature of Aponte's testimony constitutes substantial evidence that Aponte failed to establish persecution based on a protected ground. Because Aponte failed to satisfy her burden for asylum, she is also ineligible for withholding of removal.

4

The petition is

**DENIED**.